```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
             Civil No. 15-2039(DSD/FLN)
```

Patricia J. Gearman,

      Plaintiff,

v.                                                  **ORDER**

J. Mark Heldenbrand, PC
and Shawn Williams,

      Defendant.

    Thomas J. Lyons, Esq., Lyons Law Firm, P.A., 367 Commerce Court, Vadnais, Heights, MN 55127, attorneys for plaintiff.

    Andrew D. Parker, Esq. and Mark J. Kiperstin, Esq., Parker Rosen, LLC, 123 North Third Street, Suite 888, Minneapolis, MN 55401, attorneys for defendants.

This matter is before the court upon the motion to dismiss by defendants J. Mark Heldenbrand, PC and Shawn Williams. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion in part and denies the motion in part.

**BACKGROUND**

This debt-collection dispute arises out of an attempt by defendants to collect a consumer debt owed by plaintiff Patricia J. Gearman to Anytime Fitness. Heldenbrand is a law firm that offers debt collection services and Williams is a debt collector who works for Heldenbrand.

Gearman became delinquent on her payments and Anytime Fitness referred her account to Heldenbrand for collection. Am. Compl.

¶ 10. Between December 9, 2014, and February 16, 2015, Heldenbrand discussed payment options with Gearman via telephone at least four times. Id. ¶¶ 12-17. Heldenbrand also sent a letter to Gearman's residence on January 23, 2015. Id. ¶ 15.

Two relevant events occurred on February 16, 2015. That morning, Heldenbrand[1] called and spoke to Gearman. Id. ¶ 17. Despite this communication - and the four prior conversations between Heldenbrand and Gearman - Williams called Gearman's landlord, Galen Watje, at 1:47 p.m. on February 16, 2015. Id. ¶ 18. Williams left the following voicemail message on Watje's answering machine: "This is an important message ... from the Law Office of J. Mark Heldenbrand. Please return the call to 877-264-8498, extension 102." Id. Heldenbrand then spoke with Gearman twice on February 19, 2015, but did not mention Williams' attempt to communicate with Gearman's landlord or that Heldenbrand indicated to the landlord that it was having trouble contacting her. Id. ¶ 19.

On February 24, 2014, Watje returned Williams' telephone call. Id. ¶ 20. Watje was initially greeted with a pre-recorded message from Heldenbrand's office, which disclosed that Watje was calling a law office and that the office's business included debt collection. Id. ¶ 21; Parker Aff. Ex. 1. When Watje connected to

---

[1] It is unclear whether Williams or someone else from Heldenbrand made the call.

2

Williams, Williams stated that Heldenbrand was "trying to get in touch with a Patty Gearman." Parker Aff. Ex. 1. Williams noted that Watje "came up as an associate" of Gearman because she was Watje's tenant. Am. Compl. ¶ 22; Parker Aff. Ex. 1. Williams then stated, "We are trying to get a hold of her. I don't think Ms. Gearman has any idea what is going on here. We have been trying to reach her. Do you know how to reach Ms. Gearman?" Parker Aff. Ex. 1. Williams confirmed Gearman's address with Watje and asked him to "pass on the message so we can at least notify her what is going on." Later that day, Watje sent a text message to Gearman informing her that Williams "had been calling us to get a hold of you." Am. Comp. ¶ 26.

Gearman filed this suit on April 17, 2015. She filed an amended complaint on June 11, 2015, alleging that defendants' voicemail to and subsequent telephone conversation with Watje violated the Fair Debt Collection Practices Act (FDCPA) and constituted invasion of privacy under Minnesota law. Defendants now move to dismiss.

## DISCUSSION

**I. Standard of Review**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores,

Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside of the pleadings under Rule 12(b)(6). Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record and materials that do not contradict the complaint or are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). Here, the court relies on the recordings of (1) the voicemail left by Williams for Watje, and (2) the telephone call by Watje to Williams.[2] These materials are necessarily embraced by the pleadings, and neither party objects to the Court's consideration of them in the context of this motion.

---

[2] These materials are provided in the Affidavit of Andrew D. Parker as Exhibit 1.

**II.  FDCPA Claims**

Gearman alleges that Williams' voicemail to and subsequent telephone call with Watje violated the following five sections of the FDCPA: 15 U.S.C. §§ 1692b, 1692c(b), 1692d, 1692e, and 1692f.

**A.   Sections 1692b and 1692c(b)**

Gearman first argues that defendants violated §§ 1692b and 1692c(b). Relevant to the parties' dispute, § 1692b provides:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>
> (1)  identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer; [and]
>
> (2)  not state that such consumer owes any debt.

Section 1692c(b) states, "Except as provided in section 1692b of this title ... a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer."  Gearman alleges that Williams' voicemail to subsequent phone call with Watje were communications in connection with the collection of a debt.  Gearman further argues that defendants did not satisfy the requirements of § 1692b because they did not acquire "location information" and implied to Watje that Gearman owed a debt.  Defendants respond that no "communication" withing the meaning of the FDCPA occurred during the course of these phone

calls because they neither conveyed any information about Gearman's debt nor stated that she owed a debt. The Court agrees.

The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Id. § 1692a(2). There is no allegation that defendants stated that Gearman owed a debt of any kind. First, defendants' pre-recorded greeting simply identified defendants as debt collectors, a statement that was an attempt to comply with § 1692e(11). It would be "absurd" to deem a required disclosure under the FDCPA to be a violation of a different provision of the FDCPA. Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 399-400 (6th Cir. 1998); see also Wade v. Reg'l Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir. 1996) (finding no FDCPA violation based on "informational" disclaimer and noting that debt collector "would have violated the Act had it not included this statement"). Second, merely identifying oneself as a debt collector does not convey information regarding a debt. See Zortman v. J.C. Christensen & Assocs., Inc., 870 F. Supp. 2d 694, 707-08 (D. Minn. 2012) (finding that a voicemail that identified the caller as a "debt collector" but "did not identify a debt" was not a "communication"); Zamos v. Asset Acceptance, LLC, 423 F. Supp. 2d 777, 782 (N.D. Ohio 2006) ("Plaintiff does not establish that Defendant Burditt's telephone call informing the landlord's representative of his identity [as a debt collector] and his

6

employer violates the FDCPA."). Third, Williams properly identified himself and simply confirmed Gearman's address during his telephone call with Watje. Williams notably did not disclose Gearman's debt in his conversation with Watje. See Horkey v. J.V.D.B. & Assocs., Inc., 179 F. Supp. 2d 861, 868 (N.D. Ill. 2002) (holding that a debt collector's call to a third party does not constitute a § 1692c(b) violation when the conversation is "limited to inquiring as to Plaintiff's whereabouts"). Under these circumstances, Williams' voicemail to and telephone call with Watje did not constitute "communications" within the meaning of the FDCPA. As a result, dismissal of the §§ 1692b and 1692c(b) claims is warranted.

### B.  Section 1692d

Gearman next argues that defendants violated § 1692d, which prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The statute provides a nonexhaustive list of proscribed conduct:

>  (1) The use or threat ... of violence or other criminal means....
>  (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer....
>  (3) The publication of a list of consumers who allegedly refuse to pay debts....
>  (4 The advertisement for sale of any debt to coerce payment of the debt.
>  (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass....
>  (6) [T]he placement of telephone calls without meaningful

disclosure of the caller's identity.
Id. Gearman does not argue that any of the above sections apply to the telephone calls at issue. Rather, Gearman argues that "the natural consequence of the totality of Defendants' conduct in this matter was to harass, oppress, and abuse Plaintiff." Pl.'s Opp'n Mem. at 23. However, § 1692d "prohibits only oppressive and outrageous conduct." Beattie v. D.M. Collections, Inc., 754 F. Supp. 383, 394 (D. Del. 1991). The relaying of contact information through a telephone call is neither oppressive nor outrageous. See Durthaler v. Accounts Receivable Mgmt., Inc., 854 F. Supp. 2d 485, 492 (S.D. Ohio 2012) (finding thirty phone calls to plaintiff and two to plaintiff's roommate did not violate § 1692d). Defendants' minimal actions, whether considered individually or collectively, do not rise to the level of "oppressive" or "outrageous" conduct required under § 1692d, and dismissal of this claim is warranted as a matter of law.

### C. Section 1692e

Gearman next alleges that defendants violated § 1692e by stating that Watje was an "associate" of Gearman and implying that he was tied to her outstanding debt obligation. Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Relevant here, a debt collector may not use "any false representation or deceptive means to . . . obtain

8

information concerning a consumer." Id. § 1692e(10).  Violations of this provision must be grounded in material misrepresentations to constitute a viable claim.  Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 374 (4th Cir. 2012); Hahn v. Triumph P'ships, L.L.C., 557 F.3d 755, 758 (7th Cir. 2009).

Here, Williams did not make a material misrepresentation or deceive Watje when he referred to Watje as an "associate" of Gearman.  Any possible negative inferences that could be drawn from his use of this term were immediately dispelled when Williams explained that he used the term to describe Watje's landlord-tenant relationship with Gearman.  As a result, Gearman's § 1692e claim based on defendants' use of the word "associate" is unfounded.

Defendants did misrepresent their ability to contact Gearman, however.  Heldenbrand had numerous contacts with Gearman, both by letter and by telephone, before Williams contacted Watje again on February 16, 2015.  Williams' statements to Watje nevertheless indicated to the contrary. See Parker Aff. Ex. 1 ("We are trying to get a hold of her.  I don't think Ms. Gearman has any idea what is going on here.  We have been trying to reach her.  Do you know how to reach Ms. Gearman?").  Williams made this misrepresentation despite the fact that someone from Heldenbrand[3] had spoken with Gearman that very morning.  Williams' deceit - whether knowing and intentional or not - caused Watje to send a text message to Gearman

---

[3] As noted, it is unclear at this time whether Williams or another Heldenbrand employee spoke with Gearman.

informing her that he had been contacted by debt collectors trying to reach her. Under these circumstances, Gearman has sufficiently alleged facts supporting a § 1692e claim based on the misrepresentation regarding defendants' ability to contact Gearman. Defendants' motion to dismiss this aspect of the § 1692d claim is therefore denied.

    **D.    Section 1692f**

Gearman next argues that defendants violated § 1692f, which provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Section 1692f lists several examples of proscribed unfair and unconscionable practices. See id. § 1692f(1)-(8) (providing non-exhaustive list of conduct including collecting more money than expressly authorized, accepting or soliciting postdated checks, threatening criminal prosecution, causing consumer to incur collect call or telegram charges, threatening unauthorized nonjudicial action, and communicating by postcard).

The alleged conduct in the present matter - one telephone message and a returned phone call - is far less severe than the above enumerated examples. See, e.g., Bryant v. Bonded Account Serv./Check Recovery, Inc., 208 F.R.D. 251, 258 (D. Minn. 2000) (denying a debt collector's motion to dismiss a § 1692f claim that was based on the debt collector's letter implying that the consumer might be denied emergency medical assistance due to the consumer's

debt).  Moreover, case law establishes that § 1692f is an inappropriate vehicle to bring a claim for third-party communications.  Hoover v. Monarch Recovery Mgmt., Inc., 888 F. Supp. 2d 589, 600-02 (E.D. Pa. 2012) (noting the absence of "any authority demonstrating that communicating information to third parties constitutes a violation of § 1692f" and "[t]hat Congress did not include third party disclosure in § 1692f, yet did include it in § 1692c(b), generally means that Congress intended for third party disclosure not to constitute a violation of § 1692f").  As a result, the court finds that, as a matter of law, these allegations do not rise to the level of "unfair" or "unconscionable," and dismissal of the § 1692f claim is warranted.

**III. State Law Claim for Intrusion Upon Seclusion**

Finally, Gearman argues that defendants violated Minnesota state common law by invading her privacy due to intrusion upon seclusion.  "The specific tort of intrusion upon seclusion occurs when one intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns ... if the intrusion would be highly offensive to a reasonable person."  Bauer v. Ford Motor Credit Co., 149 F. Supp. 2d 1106, 1108-09 (D. Minn. 2001); see also Lake v. Wal-Mart Stores, Inc., 582 N.W.2d 231, 233 (Minn. 1998).

Defendants' actions do not rise to the level described in Bauer and are not "highly offensive."  Watje sent Gearman a single text

11

message based on the two phone calls between Watje and defendants. These communications do not constitute highly offensive intrusions as a matter of law. See Bauer, 149 F. Supp. 2d at 1109 (quoting Restatement (Second) of Torts § 652B cmt. d (1977)) ("[T]here is no liability for knocking at the plaintiff's door, or calling him to the telephone on one occasion or even two or three, to demand payment of a debt. It is only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded."). Dismissal of the claim for intrusion upon seclusion is therefore warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 14] is granted as to Gearman's claims under 15 U.S.C. §§ 1692b, 1692c(b), 1692d, 1692f, and for intrusion upon seclusion; and

2. The motion to dismiss the claim under 15 U.S.C. § 1692e is granted in part and denied in part as set forth above.


Dated:  September 9, 2015

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court